SO ORDERED.
SIGNED this 28th day of June, 2013

_Shelley D. Rucker_
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:                                                                                    No.  12-14308
                                                                                          Chapter 13

MELINDA GAIL YOUNG,

     Debtor.

*Appearances*:

    *Richard L. Banks*, Banks & Associates, P.C., Cleveland, Tennessee, for
       the Debtor

United States Bankruptcy Court
The Honorable Shelley D. Rucker

### MEMORANDUM AND ORDER

In support of its ruling, the court makes the following findings of fact and

conclusions of law based on Fed. R. Bankr. P. 7052 made applicable to contested matters by Fed.

1

R. Bankr. P. 9014. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157 (b)(2)(B).

## I.     Facts

Quantum3 Group LLC ("Servicer" or "Quantum3"), as servicing agent for Capio Partners, LLC ("Claimant"), filed Claim No. 10 on September 25, 2012. The proof of claim states that the Debtor may have originally scheduled the account as an Athens Regional Medical Center account. [Doc. No. 10-1]. Page 2 of the proof of claim indicates that Quantum3 is the "creditor's authorized agent." [Doc. No.10-1, p. 2]. Although the proof of claim directs the Servicer to attach a power of attorney, the Claimant did not attach any power of attorney. No writing evidences the transfer of ownership nor is the agency agreement attached to the proof of claim. There is no documentation attached which evidences the obligation between the Debtor and Athens Regional Medical Center. The only supporting documentation attached to the proof of claim is a one page statement entitled, "Account Information." [Doc. No. 10-1, p. 4].

The account information reflects an account balance of $511.64. [Claim 10-1, p. 4]. It reflects the date of service as August 31, 2005, and the date the loan was charged off as September 30, 2006. *Id*. It indicates that the current creditor is Capio Partners, LLC and that the basis for the claim is unsecured medical debt. *Id.* It also indicates that the account number's last four digits are 4567.

The account information statement also contains information entitled, "*Circumstances Regarding Lost, Destroyed, or Unavailable Writing*." It states in relevant part:

> Medical Accounts
>
> Due to federal and state medical privacy laws, documentation regarding the services underlying the medical account will not be attached. *See* Health Insurance Portability and Accountability Act.

[Doc. No. 10-1, p. 4](emphasis in original).

In her schedules, the Debtor listed Athens Regional as a creditor with an account number ending in 0549 and a claim amount of $250. She also listed Capio Partners with an account number ending in 6630 with a reference to Athens Regional and a claim amount of $1,102. [Doc. No. 1, p. 18]. On January 28, 2013, the Debtor filed an amended schedule reflecting that the Athens Regional claim of $250 and the Capio Partners, LLC, claim of $1,102 were disputed. [Doc. No. 31, p. 1]. On December 6, 2012, the Debtor filed her objection to the proof of claim and served the Claimant, providing 30 days' notice of the hearing. In the objection, the Debtor alleges that the claim should be disallowed because:

> (a) the claim is time barred from collection by the applicable statute of limitations under Tennessee law;
>
> (b)(1) the documentation as to ownership of the claim by the Claimant is not attached to the claim;
>
> (2) Servicer has not attached a power of attorney evidencing its authority; and
>
> (c) the Debtor disputes the claim.

The objection states that the chapter 13 trustee has not paid anything on the claim. The Debtor seeks disallowance of the claim in its entirety.

The hearing on the objection was set originally for January 17, 2013, but was continued to March 14, 2013. At a status conference on February 12, 2013, the court requested briefs in support of the Debtor's objection. In her Brief the Debtor argues that the failure to provide supporting documentation raises a legal argument as to "standing/real party in interest."

3

*Debtor's Brief in Support of Her Objection to Claim No. 10 Filed by Quantum3 Group LLC As Agent for Capio Partners LLC*, 3, ECF No. 46 ("Brief").  She also argues that the failure to attach a power of attorney raises legal issues of standing, real party in interest and the validity of the agency relationship. No response has been filed and no one appeared on the Claimant's behalf at the hearing held on March 14, 2013.  At the March 14, 2013 hearing, the Debtor's attorney announced the withdrawal of all grounds for disallowance except lack of documentation of ownership of the claim.

The Debtor filed a Supplemental Brief on April 5, 2013.  *Supplemental Brief in Support of Debtor's Objection to Claim and Request that Court Take Judical [sic] Notice of Disallowance of Similar Claims In This Court*, Apr. 5, 2013, ECF No. 51.  It included a spreadsheet referencing over 200 proofs of claim which had been disallowed or were under consideration in three divisions of the United States Bankruptcy Court for the Eastern District of Tennessee.  Of these, 63 had been filed by Quantum3.  The spreadsheet was filed in support of the Debtor's contention that all of these claims were filed without the documentation required by Bankruptcy Rule 3001(c) and are detrimental to the administration of Chapter 13 plans in the system.  Quantum3 has not responded.

**II.** **Analysis**

The Debtor argues that the failure of the Claimant to attach supporting documents which reflect its ownership of the claim or the executing party's standing to sign the proof of claim are violations of Fed. R. Bankr. P. 3001(b) and (c)(1). Since that rule requires the attachment of supporting documents, she argues that the failure to attach any written documents supporting the Claimant's standing as owner of the claim or evidencing the filer's representative authority to execute the proof of claim deprives the proof of claim of the evidentiary

4

presumption that the claim is valid and is owed in the amount stated in the proof of claim. Fed. R. Bankr. P. 3001(e). Without that presumption, the Debtor urges the court to look directly to state law to determine whether the Claimant has the burden of proof to "show an unbroken chain of assignment." Brief at 5. If the Claimant has that burden, then the proof of claim should be disallowed as "insufficient on its face." To require more from the Debtor inappropriately shifts the burden of proof to her and lowers the burden for the Claimant to a level below what state law imposes. Finally, the Debtor urges the court to adopt a rule requiring appropriate documentation in order to impose a burden on the creditors to discourage the filing of large numbers of claims which the creditors do not defend and which are ultimately disallowed. The Debtor notes that 98% of the claims on the spreadsheet were disallowed.

The court finds there is support for most of the Debtor's argument, but it is the minority view. *In re Richter*, 478 B.R. 30 (Bankr. D. Colo. 2012). Because the Sixth Circuit has signaled its approval of the majority view, the court must reject the Debtor's argument. *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 941 (6th Cir. 2010). An allegation of lack of documentation is not a valid objection even if the Debtor re-characterizes it as an objection to standing. A valid objection to standing must raise a factual dispute about who is the holder of the claim. The Debtor must allege that, to the best of her knowledge, information, and belief, either (a) she owes someone else or (b) she does not owe the obligation at all. In addition the court does not find support for holding otherwise based on the Debtor's desire to impose a heavier burden on creditors in order to lighten the Debtor's burden to review the proofs of claims which have been filed, especially when the burden is imposed by the Bankruptcy Code and Rules.

5

### III. Ruling

Although the Debtor raised three objections to the proof of claim filed by the Claimant, she withdrew two of them at the hearing on March 14. The only objection she continued to assert was the objection based on the Claimant's failure to attach documentation evidencing how it became the owner of the claim. For the reasons stated in the court's Memorandum in *In re Gorman*, No. 10-16622, Memorandum, May 23, 2013, ECF No. 54, addressing an objection to a claim argued contemporaneously with the objection in this case, the court finds that the proof of claim is not entitled to be considered prima facie evidence of the amount and validity of the claim. There are no supporting documents evidencing the underlying debt or how Claimant came to be the holder of the debt. The court finds the explanation offered for the lack of documentation to be insufficient. The fact that the claim is based on medical services does not excuse the Claimant from providing any written information regarding the assignment of the claim or financial terms related to late charges or interest. Nevertheless, the only basis for disallowance raised by the Debtor was the lack of documentation evidencing the Claimant's standing, and that is not a valid basis for disallowance of the proof of claim under 11 U.S.C. § 502(b). The court will overrule the Debtor's objection based on failure to attach documentation showing that the Claimant is the holder of the claim. Because the Debtor requested an opportunity to renew her withdrawn objections in the event the court overruled her objection based on lack of documentation and because the Debtor did raise the statute of limitations as a defense, the court will grant that request.

Accordingly, it is ORDERED:

1. The Objection by Debtor to Claim No. 10 Filed by Quantum3 Group LLC as Agent for Capio Partners LLC, with respect to the failure to attach documentation showing the Claimant as holder of the claim is overruled.

2. The Debtor is afforded fourteen (14) days to amend or renew her objection, failing which the objection shall be overruled without prejudice.

# # #