SO ORDERED.
SIGNED this 2nd day of August, 2013

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_Shelley D. Rucker_
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

In re:                                              No.  12-14308
                                                    Chapter 13

MELINDA GAIL YOUNG,

            Debtor.

*Appearances:*

      *Richard L. Banks*, Richard Banks & Associates, P.C., Cleveland,
            Tennessee, for the Debtor


United States Bankruptcy Court
*The Honorable Shelley D. Rucker*


## MEMORANDUM AND ORDER


Quantum3 Group LLC ("Quantum3"), as agent for Capio Partners, LLC, its successors

and assigns as assignee of Athens Regional Medical Center, filed Claims Nos. 5 and 6 in this

bankruptcy case, asserting that the debtor, Melinda Gail Young ("Debtor"), owed Capio Partners,

LLC, $164.03 (Claim 5) and $1,102.21 (Claim 6) in unsecured medical debt. [Doc. Nos. 5-1, 6-1]. The Debtor objected to the claims. [ECF Nos. 32, 33]. The court makes the following findings of fact and conclusions of law based on Fed. R. Bankr. P. 7052 as made applicable to contested matters by Fed. R. Bankr. P. 9013.   The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and §157(b)(2)(B).

I.      **Facts**

The Debtor filed her bankruptcy petition on August 23, 2012.  The Debtor listed $250 in debt owed to "Athens Regional" and $1,102 as owed to "Capio Parnters [sic] LLC" with "Athens Regional" listed in the column relating to the date the claim was incurred on her Schedule F filed on August 23, 2012.  *Schedule F-Creditors Holding Unsecured Nonpriority Claims*, Aug. 23, 2012, ECF No. 1.  She filed an amended Schedule F on January 28, 2013, indicating that the claims were disputed. *Amended Schedule F-Creditors Holding Unsecured Nonpriority Claims*, Jan. 28, 2013, ECF No. 31.  The Debtor did not list any amount of debt owed to Quantum3 on her bankruptcy schedules. *See Schedule F*, ECF No. 1, p. 18-21; *Amended Schedule F*, ECF No. 31.

On January 28, 2013, the Debtor filed objections to Claims nos. 5 and 6 filed by Quantum3 ("Servicer"), and set the objections for hearing on March 7, 2013.  The hearing was continued to April 11, 2013.  The proofs of claim represent that Quantum3 is a servicing agent of Capio Partners, LLC ("Claimant") [Doc. No. 5-1, p. 2; Doc. No. 6-1, p. 2].  The proofs of claim state that the Debtor may have scheduled the account as an Athens Regional Medical Center account. [Doc. Nos. 5-1, 6-1].  There are no documents evidencing a power of attorney attached to Claim 5 or Claim 6.

2

No writing evidencing the transfers of ownership or the agency agreement is attached to the proofs of claim.  The documentation which created the obligations between the Debtor and Athens Regional Medical Center is not attached. The only supporting documentation attached to the proofs of claim is a one page statement entitled, "Account Information." [Doc. No. 5-1, p. 4; Doc. No. 6-1, p. 4].

The Account Information for Claim 5 reflects an account balance of $164.03. [Claim 5-1, p. 4]. It reflects the date of service as July 31, 2006 and the date the loan was charged off as November 30, 2007. *Id*. It indicates that the current creditor is Capio Partners LLC and that the basis for the claim is unsecured medical debt. *Id.*

The Account Information for Claim 6 reflects an account balance of $1,102.21. [Claim 6-1, p. 4]. It reflects the date of service as April 7, 2006 and the date the debt was charged off as November 30, 2007. *Id*. It also indicates that the current creditor is Capio Partners LLC and that the basis for the claim is unsecured medical debt. *Id.*  The court will take judicial notice that the payent for medical services is generally due on the date the service is rendered.  Nothing in the proof of claim indicates any agreement to the contrary between the Claimant and the Debtor.

The Account Information statement for both Claim 5 and Claim 6 also contains information entitled, "*Circumstances* Regarding Lost, Destroyed, or Unavailable Writing." It states in relevant part:

> Medical Accounts
> Due to federal and state medical privacy laws, documentation regarding the services underlying the medical account will not be attached.  *See* Health Insurance Portability and Accountability Act.

[Doc. No. 5-1, p. 4; Doc. No. 6-1, p. 4](emphasis in original).

Neither Claimant nor the Servicer responded or appeared at the March 7 or April 11 hearings. Counsel for the Debtor appeared at all times and argued on her behalf.

**II.      Issues**

The Debtor's objection to Claim no. 5 states that the claim should be disallowed because (a) the claim is barred by the statute of limitations under applicable law; (b) the signer of the proofs of claim, Dharminder S. Sandhu, did not personally review and sign the claim; (c) the documentation relating to ownership of the claim is not attached to the claim; and (d) there is no power of attorney or other writing attached that shows that the Servicer is the agent for Claimant regarding this Debtor's accounts. The Debtor seeks disallowance of the claim in its entirety.

The Debtor objects to Claim no. 6 because (a) the claim is barred by the statute of limitations under applicable law; (b) the signer of the proof of claim, Dharminder S. Sandhu, did not personally review and sign the claim; (c) the documentation relating to ownership of the claim is not attached to the claim; and (d) there is no power of attorney or other writing attached that shows that the Servicer is the agent for Claimant regarding this Debtor's accounts. The Debtor seeks disallowance of the claim in its entirety.

**III.  Default Judgment – Fed. R. Civ. P. 55 and Fed. R. Bankr. P. 7055**

In this case, the Debtor set her objections to the proofs of claim for hearing and provided 30 days' notice. [1]  The original hearing date was March 7, 2013, but it was continued to April 11, 2013.  No response has been filed, and no one appeared on the Claimant's behalf on March 7 or April 11, 2013.  The Debtor was not present at either hearing although her attorney appeared and argued the objections on her behalf.  There is no affidavit attached to either objection.  The Debtor relies on her contentions in the objections, the fact that she amended her

---

[1] If the Debtor had used passive notice, the local rules require that the allegations be supported by an affidavit putting the facts into evidence unless the facts on which the Debtor relies are evident from the record.  E. D. Tenn. LBR 3007-1(b).

4

schedules to reflect the claims as "disputed," and the arguments of her counsel at the April 11

hearing. *Hearing on Objections to Claims of Quantum3*, 2:22:38-2:25:13, April 11, 2013. The

court, therefore, has before it a contested matter to which no answer has been filed. Fed. R.

Bankr. P. 9014(c) authorizes the court to apply Fed. R. Bankr. P. 7055 to this contested matter.

Rule 7055 incorporates Fed. R. Civ. P. 55.

Under Fed. R. Civ. P. 55, the court may grant a judgment provided that the

Claimant has been served and notice of the hearing in which the relief will be granted has been

provided more than 30 days prior to the hearing date. Fed. R. Bankr. P. 3007(a); E. D. Tenn.

LBR 9013-1(f)(2)(ii)(A). The Debtor provided that notice. In this case there is no evidence that

the additional procedural concerns regarding the disability or military service status of the

Claimant are at issue. *See HICA Education Loan Corp. v. Klugewicz*, No. 1:11-cv-287, 2012

WL 6799752, at *3-4 (E.D. Tenn. Apr. 17, 2012)(quoting *Broadcast Music v. Marler*, 2009 WL

3785878, at *4 (E.D. Tenn. Nov. 12, 2009))(other citations omitted).[2]

The court's authority to proceed to a judgment where there is no answer is also

addressed in the local rules. In cases where there is no response, the court may consider that

there is no opposition to the requested relief. E. D. Tenn. LBR 9013-1(f)(4).

> Unless excused by the court, the movant and any objecting
> party are required to appear at all scheduled hearings. The failure
> of . . . an objecting party to attend a duly noticed hearing will be
> deemed a withdrawal of . . . the objection to the motion. . .
> Similarly, the court will consider the failure of any other noticed
> party to attend the hearing as a lack of opposition to the granting of
> the relief requested in the motion.

---

[2] The opinion notes a requirement that an affidavit be provided with the motion for a default judgment that the
defendant is not a minor or incompetent. It also requires an affidavit in compliance with the Servicemembers Civil
Relief Act, 50 U.S.C. app.§ 521(b)(1)(2008) for cases in which the default judgment is sought against an individual
who has not appeared in the case. Neither of these requirements applies in this case.

*Id.*  Motions are defined in the local rules to include objections to claims.  E. D. Tenn. LBR

9013-1(a).

Having found that the court may enter a default judgment, the court must

consider whether it should exercise its discretion to do so.  In determining whether the court

should exercise its discretion, the court may review the merits of the claim.  *See HICA*

*Education Loan Corp. v. Klugewicz*, No. 1:11-cv-287, 2012 WL 6799752, at \*1 (E.D. Tenn.

Apr. 17, 2012); *Jahn v. Clayton (In re Clayton)*, Adv. No. 11-1135, 2012 WL 112940, at \*1

(Bankr. E. D. Tenn. Jan.12, 2012).

> It is fundamental that not all injuries are legally compensable; a
> tenet which may not be bypassed simply because a party fails to
> respond to a complaint. . . Thus, among the considerations a
> court is to employ when determining the propriety of entering a
> judgment by default is whether there exists a sufficient basis in
> the pleading for the judgment's entry; or similarly, whether a
> viable cause of action is alleged.

*Irby v. Fashion Bug (In re Irby),* 337 B.R. 293, 294 (Bankr. N.D.Ohio 2005)(citations omitted).

In addressing the merits of the complaint, or in this case, the objection, the factual allegations

are admitted.

> Once the default is established, defendant has no
> further standing to contest the factual allegations of plaintiff's
> claim for relief.  Even after default, however, it remains for
> the court to consider whether the unchallenged facts constitute
> a legitimate cause of action, since a party in default does not
> admit mere conclusions of law.

10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2688, p.63 (3d.

1998)(footnote omitted); *Bowers v. Banks (In re McKenzie),* No. 11-1169, 2013 WL 1091634,

at *708 (Bankr. E.D. Tenn. Mar. 5, 2013).  *See also In re Brunson*, 486 B.R. 759, 768 (Bankr.

N.D.Tex. 2013)("Under Bankruptcy Rule 7055, the entry of a default judgment is not

automatic . . . a default judgment is committed to the court's discretion.")(citations omitted); *In*

*re Rehman*, 479 B.R. 238 (Bankr. D. Mass. 2012)(Court overruled objections to assigned credit

card claims where creditors had not responded, but debtor had listed the original creditors).

### III.    Analysis

#### A.  Evidentiary Value of Proofs of Claim

A proof of claim which is filed under 11 U.S.C. § 501 is deemed allowed unless

a party in interest objects. 11 U.S.C. § 502(a).  The court will start its analysis with a

determination of what is the evidentiary value of the Claimant's proofs of claim.   Because the

Claimant failed to attach any documentation, the claims are not entitled to the presumption that

they are valid.  Fed. R. Bankr. P. 3001(c)(1).  Although the proofs of claim provide a reason for

its refusal to attach documents regarding medical treatment,citing the Health Insurance

Portability and Accountability  Act of 1996 (HIPAA, Pub. L. 104-191, 110 Stat. 1936, enacted

August 21, 1996) and state privacy laws, the explanation is not sufficient to address the loss or

destruction of the records.  Fed. R. Bankr. P. 3001(c)(1).  The statement that "documentation

regarding services underlying the medical account will not be attached" does not explain why

documentation evidencing how Capio Partners, LLC, came to be the holder of the claim would

be prohibited disclosure under HIPAA or any other medical privacy law. Even HIPAA does

not categorically prohibit the disclosure of all personal health information where payment and

collection activities are involved.  *See* 42 C.F.R. 164.502(a)(1)(ii) and (b)(1), and §164.506.

To the extent that privacy is a concern, the documentation could be provided to the debtor

directly or appropriate protection could have been sought under Fed. R. Bankr. P. 9037.  In this

case, all documentation was omitted and never supplemented.

### B. Statute of Limitations

In her objections, the Debtor has raised an affirmative defense to the claims.

Based on the proofs of claim, the only dates of service provided by the Claimant are July 31,

2006 (Claim no. 5), and April 7, 2006 (Claim no. 6).  These dates precede the six-year period

prior to the August 3, 2012, filing of the Debtor's bankruptcy petition within which the Claimant

may pursue collection of its debts.  Tenn. Code Ann. § 28-3-109.  The court will disallow the

claims on this basis.

### C.  Remaining Bases for Disallowance

The Debtor alleges three other bases for disallowance.  The court has previously

determined that lack of documentation is not a valid objection.  *In re Gorman*, No. 10-16622,

2013 WL 2284985 (Bankr. E.D. Tenn. May 23, 2013).  As to the execution of the claims, the

Debtor put on no proof that the individual who signed the claims did not review the claims.

Finally, with respect to the Debtor's objection for failure to attach a power of attorney to the

proof of claim, the court will not sustain the objection for the reasons set forth in the

memorandum opinion in *In re Gorman*, No. 10-16622, 2013 WL 2284985.

At the April 11, 2013, oral argument on the objection, counsel for the debtor also

asked the court to make adverse inferences from the Claimant's failure to appear or respond.

*United States v. Blakemore*, 489 F.2d 193 (6th Cir. 1973).  Those inferences would be that the

Servicer had made representations to the court which were not supported by either facts or the

law and that it had committed some other tort or crime.  The court declines to take either action

since the objections have been determined on all other bases.  The Debtor has not requested

sanctions under Fed. R. Bankr. P. 9011.  Moreover, the proper procedure for pursuing an

injunction or damages would be by filing a complaint in an adversary proceeding.   Fed. R.

Bankr. P. 7001(7).

Accordingly, it is ORDERED that the *Objection by Debtor(s) to Claim No. 5 Filed by*

*Quantum3 Group LLC as Agent for Capio Partners LLC*, ECF No. 33, and the *Objection by*

*Debtor(s) to Claim No. 6 Filed by Quantum3 Group LLC as Agent for Capio Partners LLC*, ECF

No. 32, are sustained.  Collection of these debts is barred by the statute of limitations. The claims

are not enforceable under applicable law and are disallowed under 11 U.S.C. § 502(b).

# # #